**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-5278

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FREDDIE LEE CALDWELL,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Senior District Judge. (7:06-cr-00030-jct)

Submitted: August 24, 2007      Decided: September 4, 2007

Before WILKINSON and NIEMEYER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Terry N. Grimes, Melvin E. Williams, TERRY N. GRIMES, ESQ., P.C., Roanoke, Virginia, for Appellant. John L. Brownlee, United States Attorney, Jean B. Hudson, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Freddie Lee Caldwell pled guilty to: Count 1, transportation of child pornography by means of a computer in violation of 18 U.S.C.A. § 2252A(a)(1) (West Supp. 2007); Count 2, distribution of child pornography by means of a computer in violation of 18 U.S.C.A. § 2252A(a)(2)(B) (West Supp. 2007); Count 4, possession of three or more images of child pornography in violation of 18 U.S.C.A. § 2252A(a)(5)(B) (West Supp. 2007); Count 5, use of interactive computer service to receive obscene material in violation of 18 U.S.C. § 1462 (2000). He was sentenced to eighty-four months of imprisonment.

On appeal, Caldwell raises the following issues, whether: (1) the Government failed to provide discovery; (2) the district court erred by denying Caldwell's motion to withdraw his guilty plea; (3) the district court erred at sentencing by relying on evidence withheld by the Government; (4) his sentence was reasonable; and (5) the Government committed prosecutorial misconduct at sentencing. For the reasons that follow, we affirm.

First, we find that the district court did not abuse its discretion by delaying Caldwell's sentencing hearing so that his counsel could be sure he received the disputed discovery items. See Fed. R. Crim. P. 16(a); United States v. Muse, 83 F.3d 672, 675 (4th Cir. 1996) (stating review standard). To the extent Caldwell alleges Brady v. Maryland, 373 U.S. 83 (1973) violations, we find

no reversible error.  United States v. Ruiz, 536 U.S. 622, 633 (2002).

Second, we find no abuse of discretion in the district court's decision to deny Caldwell's motion to withdraw his plea. Fed. R. Crim. P. 11(h); United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000).  Third, there is insufficient record evidence to support Caldwell's claim that the Government withheld evidence used against him at sentencing.

Next, Caldwell alleges that his eight-four-month sentence is unreasonable.  Caldwell was sentenced within a properly-calculated Sentencing Guidelines range and thus his sentence presumptively is reasonable.  United States v. Johnson, 445 F.3d 339, 341-44 (4th Cir. 2006); see Rita v. United States, 127 S. Ct. 2456, 2462-67 (2007) (holding that an appellate court may apply a presumption of reasonableness to a district court's sentence that reflects a proper application of the Sentencing Guidelines).  "[A] defendant can only rebut the presumption [of reasonableness] by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks and citation omitted), cert. denied, 127 S. Ct. 3044 (2006).  Caldwell has failed to demonstrate his sentence was unreasonable.  Id.

Finally, we find Caldwell's claims of prosecutorial misconduct without foundation. Accordingly, we affirm Caldwell's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED